IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUSTIN ANDREW SEXTON                                                                              PLAINTIFF

v.                           Civil No. 2:23-CV-02113-PKH-MEF

SERGEANT JOHN GRIFFITH and
JAIL ADMINISTRATOR JACOB SHOOK
(Both of Johnson County Detention Center)                                                DEFENDANTS

**ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's Motion to Request a Status Conference and Motion to Appoint Counsel. (ECF No. 41).

As a preliminary matter, the Court notes that Plaintiff's Complaint centers on the allegation that he is a pretrial detainee, and that Defendants refused to release him despite Plaintiff's friends and family arriving at the Johnson County Detention Center with his bond money. Plaintiff has since been transferred to the Pope County Detention Center. The Court also notes that Plaintiff has been sent two copies of this District's Prisoner Litigation Guide since filing his Complaint on September 12, 2023. These copies were not returned as undeliverable. As the majority of § 1983 cases filed in this District are filed by *pro se* prisoners, this Guide is designed to explain the § 1983 civil litigation process to *pro se* prisoners such as Plaintiff. The discovery process and the relevant Federal and Local Rules of Civil Procedure concerning discovery are clearly discussed for a non-attorney in the Guide.

As grounds for a pretrial status conference, Plaintiff states only that Defendants are abusing the discovery process by submitting requests for production and interrogatories that are not "proportional to the needs of this case." (ECF No. 41 at 1). Nothing in this statement supports the

1

need for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16.  Nor are there any other pending motions in this case.  Instead, Plaintiff merely objects to some of the discovery which has been propounded to him.  Indeed, based on his statement that he has already "stated the facts" in his Complaint, Plaintiff appears to believe that his Complaint allegations are sufficient to meet all Defendants' discovery requests.  As was clearly explained in the Prisoner Litigation Guide, they are not.  Plaintiff must follow the Federal and Local Rules of Civil Procedure and either answer Defendants' discovery or make appropriate and timely objections.  Further, he must confer or attempt to confer with the Defendants in a good faith effort before seeking court intervention.  Fed. R. Civ. P. 37(a)(3)(B) and Local Rule 7.2(g).  Accordingly, Plaintiff's Motion to Request a Status Conference (ECF No. 41) is **DENIED**.

Plaintiff has also submitted his seventh Motion to Appoint Counsel since filing this case approximately seven months ago.  As Plaintiff has been repeatedly advised, a civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion.  28 U.S.C. 1915(e)(1).  "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  These criteria have been examined for each of the six prior denials, and appointment of counsel was deemed unnecessary.  The legal question in this case and the facts necessary to address it are relatively simple.  Plaintiff may obtain these facts though discovery while incarcerated.  Plaintiff has shown himself more than capable of presenting arguments and documents to the Court.  To date, he has filed one Complaint and numerous motions and notices to the Court, complete with attached exhibits.  *See e.g. Phillips v. Jasper Cnty. Jail*,

437 F.3d 791, 795 (8th Cir. 2006) ("although Mr. Phillips routinely complained about his access to legal materials and paper, he was able to file more than thirty documents with the court, which strongly suggests that he was able to overcome any obstacles that he may have encountered."); *Larson v. Lake*, No. 17-CV-3551 (NEB/ECW), 2019 WL 5150832, at *20 (D. Minn. June 10, 2019), *report and recommendation adopted as modified sub nom. Larson v. Carlton Cnty. Jail*, No. 17-CV-3551 (NEB/ECW), 2019 WL 4187839 (D. Minn. Sept. 4, 2019), *aff'd*, 810 Fed. App'x. 489 (8th Cir. 2020) (unpublished) (denying counsel when "Plaintiffs have demonstrated their familiarity with the underlying facts and their ability to litigate this matter, including by filing a complaint and amended complaint, making various requests of the Court via motions, filing responses and supporting exhibits in opposition to the present motion, and citing various statutes and case law in their filings with the Court.").

Nor has Plaintiff clearly addressed any of these criteria in his seventh motion for counsel. Instead, the gist of Plaintiff's argument is that, as a prisoner and a non-attorney, he is "disadvantaged" because Defendants are represented by counsel, and he is not. Specifically, he states that "without assistance of council (sic), he is obviously disadvantaged, and clearly lacks the ability to fully investigate and conduct discovery." (ECF No. 41 at 2). He further states "it would be inequitable for plaintiff to proceed unrepresented, as he is severely disadvantaged based on his incarceration compared to Defendants." (*Id.*). Essentially, Plaintiff argues that as an indigent prisoner he should have the right to appointed counsel in his § 1983 case. The Eighth Circuit recently addressed similar arguments in *Patterson*, and explicitly refused to recognize a right to appointed counsel for indigent prisoners in § 1983 cases.

In *Patterson*, the plaintiff, an inmate, appealed from the District Judge's repeated denial of counsel, and was appointed appellate counsel to address the issue. The Eighth Circuit addressed

the arguments and ruled as follows:

> First, Patterson claims that, as an inmate, he was unable to interview witnesses and secure relevant information. Second, he suggests that his inartfully worded interrogatories allowed defendants to give evasive answers. And third, although his appointed appellate counsel concedes that Patterson did "a fair job of researching the law," she argues that "this is complex litigation" requiring the assistance of counsel because the case involves administrative regulations and government funding issues.
>
> None of these grounds are sufficient to show an abuse of discretion. As an initial matter, there is no evidence that the district court failed to consider these factors in concluding that appointed counsel was unnecessary. Indeed, Patterson presented similar arguments in his motions for appointed counsel. Moreover, given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district court abused its discretion on these bases would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases. This we refuse to do.

*Patterson*, 902 F.3d at 850.

Further, an "[inmate's] relative lack of understanding of the legal system and lack of access to assistance are not, alone, sufficient to warrant the appointment of counsel as these facts do not distinguish his case from the myriad other claims brought by *pro se* litigants." *Vanderford v. Schnell*, No. 22-CV-971 (DSD/DJF), 2023 WL 4489656, at *8 (D. Minn. July 12, 2023), *report and recommendation adopted*, No. CV 22-971 (DSD/DJF), 2023 WL 4936159 (D. Minn. Aug. 2, 2023). For these reasons, Plaintiff's seventh Motion to Appoint Counsel (ECF No. 41) is **DENIED**.

IT IS SO ORDERED this 20th day of March 2024.

/s/ *Mark E. Ford*
---
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE